IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STATE OF TENNESSEEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:07cv0988 |
| ) | |
| BRITLEE, INC. d/b/a THE MILITARY ZONE, ) | Judge Thomas A. Wiseman, Jr. |
| a/k/a MILITARYZONE.COM, and ) | |
| LAPTOYZ COMPUTERS AND ELECTRONICS; ) | |
| STUART L. JORDAN, individually and d/b/a ) | |
| BRITLEE, INC. and MILLENIUM FINANCE, INC., ) | |
| MILLENIUM FINANCE, INC.; and ) | |
| ROME FINANCE COMPANY, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM and ORDER

Before the Court is Plaintiff State of Tennessee's Motion to Remand to State Court (Doc. No. 28-1[1]), requesting that the Court enter an order remanding the matter to the Circuit Court for Montgomery County, Tennessee from which Defendants removed it. As grounds for remand, the State submits that Defendants have failed to carry their burden of demonstrating that this case presents a "federal question" or "arises under" the laws of the United States. The State also requests an award of the attorneys' fees and costs it has incurred in bringing this motion to remand, pursuant to 28 U.S.C. § 1447.

This is a civil enforcement action originally brought by the State of Tennessee in state court in 2005 alleging violations of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 *et seq.* ("TCPA"), and the Tennessee Credit Services Business Act, Tenn. Code Ann. § 47-18-1001 *et seq.* ("TCSBA"). The original Complaint and the First Amended Complaint alleged misrepresentations, false advertising, and a variety of unfair and deceptive acts or practices engaged in by Defendants and that various of the Defendants are not authorized or licensed to do business in Tennessee or in Clarksville.

---

[1] The docket sheet indicates that the Motion to Remand was filed as Docket Entry No. 21. Plaintiff erroneously filed under that entry a document entitled "State's Motion to Expedite the Court's Decision on the State's Motion to Remand to State Court," which was also filed as Docket Entry No. 25. After the Plaintiff became aware of the error, the actual Motion to Remand was filed as an attachment to the State's Notice of Mistake and Correction, Docket Entry No. 28.

Within thirty days after the First Amended Complaint was filed in October 2005, Defendant Millenium Finance Company, Inc. ("Millenium") removed the case to federal court, asserting as grounds for removal that the case "arose under" the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The State promptly filed a Motion to Remand after this first removal, which was granted on the basis that: (1) where the complaint is based entirely upon state law, a defense based upon federal law is not sufficient to create federal question jurisdiction; (2) the State brought its civil enforcement action entirely under state law; (3) compliance with TILA constituted a defense to some of the State's claims in the complaint, but the State was not required to prove *non-compliance* with TILA as an element of any of its claims; and (4) the fact that certain terms used in the TCPA or the TCSBA are incorporated from federal laws or regulations does not cause the state claims to "arise under" federal law and does not serve to confer original jurisdiction upon the federal courts. *State of Tenn. v. Britlee, Inc.*, No. 3:05cv0846, slip op. at 2–3 (M.D. Tenn. Jan. 5, 2006) (Trauger, J.) (hereafter, *Britlee I*) (citing, among others, *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127–28 (1974); *Roddy v. Grand Trunk W. R.R., Inc.*, 395 F.3d 318, 323–24 (6th Cir. 2005); *Harvey v. Ford Motor Credit Co.*, 8 S.W.3d 273, 275 (Tenn. Ct. App. 1999)). The matter was therefore remanded back to Montgomery County Circuit Court.

The State of Tennessee filed a Second Amended Complaint on September 12, 2007. Defendant Rome Finance Company, Inc. ("Rome") removed the case on October 3, 2007, alleging that claims set forth in the Second Amended Complaint arise under the laws of the United States. Specifically, Rome asserts that the Second Amended Complaint includes new allegations that (1) Rome "failed to comply with 16 C.F.R. § 433, by not making certain disclosures as to holder-in-due course status"; and (2) Rome failed to comply with 16 C.F.R. § 251.1 by not making certain disclosures with regard to the cost of financing. (Doc. No. 1, at ¶ 6, citing Plaintiff's Second Amended Compl. ¶¶ 78–82, 101.[2]) Rome argues

---

[2] The referenced paragraphs of the Second Amended Complaint state in full as follows:

78. In practice and effect, Defendants Rome and Millenium were actually purchasing the retail installment contract from the seller at a 40% discount, making Rome a holder in due course and subject to the provisions of 16 C.F.R. § 433.

that "[t]hrough these alleged violations, Plaintiff claims that Rome's conduct constitutes a violation of the [TCPA]. Because the State's right to relief under State law requires resolution of substantial questions of federal law, these claims 'arise under' the laws of the United States for purposes of federal question jurisdiction." (*Id.*)

The Court disagrees, and finds that remand is appropriate for all the same reasons stated in Judge Trauger's Memorandum and Order granting the State's first Motion to Remand. More specifically, the presence of "arising under" or "federal question" jurisdiction is governed by the well pleaded-complaint rule. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Britlee I*, slip op. at 2. In order to determine whether federal jurisdiction exists, the court looks to the allegations contained in the plaintiff's complaint. *Gully v. First Nat'l Bank of Meridian*, 299 U.S. 109, 112 (1936); *Britlee I,* slip op. at 2. For a suit to "arise under" the Constitution or laws of the United States, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully*, 299 U.S. at 112. The federal question must be "disclosed upon the face of the complaint, unaided

---

79. 16 C.F.R. § 433.2 makes it an unlawful, unfair and deceptive act or practice to accept any payment unless the consumer credit contract contains an affirmative, clear and conspicuous disclosure expressly informing the consumer that the holder in due course is subject to the same claims of [*sic*] defenses as the Seller.

80. Defendants Rome and Millenium, to avoid having to disclose to consumers their right under 16 C.F.R. § 433 to preserve their claims and defenses requirement [*sic*], would direct the sellers to provide consumers with a sales contract and a separate retail charge agreement that set up a revolving credit account that would have a credit limit of only a few dollars above what the purchase price of the goods and services sold to the consumer.

81. If Rome and Millenium actually entered into a separate retail charge agreement in order to finance the purchase, then the money being loaned to the consumer could have been paid by the consumer to the seller, in cash, qualifying the consumer for the advertised "40% cash discount."

82. A violation of 16 C.F.R. [§] 433 being an unlawful unfair and deceptive act, is a *per se* unfair and deceptive act under the [TCPA].

. . . .

101. At all times relevant to this Complaint, Defendants, by not affirmatively, clearly and conspicuously disclosing to consumers that the "free" financing was actually costing the consumer a financing fee in an amount equal to 40% of the purchase price of the goods or services they were purchasing from Britlee, this failure to disclose being described as unfair and deceptive by 16 C.F.R. §s 251.1 is therefore an unfair and deceptive act or practice in violation of Tenn. Code Ann. §§ 47-18-104(a), (b)(5), (b)(7), (b)(9), and (b)27.

(Doc. No. 1-1, Ex. A to Notice of Removal.)

by the answer." *Id.* at 113. Further, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986).

To be sure, the Supreme Court has noted that "a case may arise under federal law 'where the vindication of a right under state law necessarily turned on some construction of federal law.'" *Id.* at 808–09 (citing *Franchise Tax Board v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9 (1983)). In *Merrell Dow*, however, the Court noted that the "actual holding in *Franchise Tax Board* demonstrates that this holding must be read with caution," given that the case "turned on the meaning of the Employee Retirement Income Security Act of 1974," but the Court nonetheless concluded that federal question jurisdiction was lacking. *Id.* at 809. The *Merrell Dow* Court, faced with a similar issue, finally held that "a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.' " *Id.* at 817 (quoting 28 U.S.C. § 1331.)

That holding is binding here. The two regulations referenced in the Second Amended Complaint and relied upon by Defendants as the basis for federal-question jurisdiction are 16 C.F.R. § 433.2, which declares that certain practices are "unfair or deceptive" within the meaning of the Federal Trade Commission Act, and 16 C.F.R. § 251.1, which includes a definition of the term "free" as used in the context of an offer of "free" merchandise or services as a promotional device. Neither regulation creates a private cause of action; rather, they can only be enforced by the FTC. *Bailey v. Johnson*, 48 F.3d 965, 968 (6th Cir. 1995); *Holloway v. Bristol-Myers Corp.*, 485 F.2d 986, 988 (D.C. Cir. 1973). Moreover, the State has not brought a cause of action or claim based upon violation of these regulations. Instead, the State alleges that Defendants, by engaging in acts defined as "unfair or deceptive" under the FTC regulations have committed violations of the TCPA. (*See* Second Am. Compl. ¶¶ 82, 101.) The only relief sought in the Second Amended Complaint is in the form of (1) a decree that Defendants have violated the TCPA and the TCSBA, (2) an injunction barring defendants from further violations of these Tennessee statutes, (3) a declaration that certain contracts void and unenforceable as contrary to Tennessee public policy; (4) an award attorneys' fees and costs to the state pursuant to state law, and

various other relief permissible under state law.  Reference to the FTC regulations therefore does not cause the State's claims "arise under" federal law.

In addition, the Court agrees with the State of Tennessee that Defendants' second removal attempt presents a variation of the same argument previously considered and rejected by Judge Trauger in the first removal proceeding, and that the case was removed a second time for the apparent purpose of avoiding or delaying contempt proceedings pending against Rome Finance Company in the state court. The second Notice of Removal is devoid of merit and appears to have been brought in bad faith and for an improper purpose.

For all of these reasons as well as the reasons set forth by Judge Trauger in the first remand order, the State of Tennessee' second Motion to Remand is hereby **GRANTED**, and this case is **REMANDED** to the Circuit Court for Montgomery County, from whence it was removed.  The State of Tennessee's motion for an award of its reasonable costs and attorney fees incurred in bringing this motion is likewise **GRANTED** in accordance with 28 U.S.C. § 1447(c).  Pursuant to the authority of 28 U.S.C. 1447(c), costs and attorneys fees incurred as a result of the removal in the amount of $1000 are hereby awarded to be paid immediately by the defendant Rome Finance Company to the State of Tennessee, in accordance with its counsel's instructions and for which execution may issue.

It is so **ORDERED**.

_____
Thomas A. Wiseman, Jr.
Senior U.S. District Judge